UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NEURODEGENERATIVE DISEASE RESEARCH, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: 25-cv-02775 |
| NORTHWESTERN UNIVERSITY, | ) ) | Honorable Mary M. Rowland |
| Defendant. | ) ) | |

### DEFENDANT NORTHWESTERN UNIVERSITY'S
### MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

Defendant Northwestern University ("Northwestern" or the "University"), by and through its counsel, respectfully moves to dismiss Plaintiff's First Amended Complaint ("FAC") with prejudice for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). In support of this Motion, the University has contemporaneously filed its supporting memorandum of law and also states as follows:

1.  Plaintiff Neurodegenerative Disease Research, Inc. ("NDR") entered into two gift agreements to donate more than $12.5 million to Defendant Northwestern University for the study of amyotrophic lateral sclerosis ("ALS"). FAC ¶¶ 23, 25, 42, 44; *id.* at Exs. A & B. To date, NDR has donated a total of $3.36 million under these agreements (the "Gift Agreements"), both of which state that "Northwestern will retain any already-received gifts" even if the obligation to make further gift payments ceases due to "changed circumstances." *See id.* at ¶ 63; *id.* at Exs. A & B. Nonetheless, NDR now seeks the return of the $3.36 million it has already donated because it claims that, at the time the Gift Agreements were entered into, Northwestern was obligated to affirmatively disclose to NDR that it had been sued—in a publicly filed lawsuit—by a particular

1

ALS researcher, Dr. Teepu Siddique, who ultimately separated from the University nearly two years after the parties entered into the Gift Agreements. All of NDR's donations preceded Dr. Siddique's separation. In its First Amended Complaint, NDR attempts to bring claims for fraudulent concealment and breach of contract, and also seeks an equitable accounting. As explained below, all of NDR's claims should be dismissed pursuant to Rule 12(b)(6).

2. To survive a Rule 12(b)(6) motion to dismiss, a complaint must be supported by factual allegations that, if taken as true, plausibly suggest that the plaintiff is entitled to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 555-56 (2007). None of the three counts in the Complaint meet this standard.

3. With regard to the fraudulent concealment claim (Count I), which is subject to the heightened pleading standard of Rule 9(b), NDR fails to plead any of the requisite elements. *See McAuliffe v. MicroPort Orthopedics, Inc.*, No. 20 C 7322, 2021 WL 3930365, at *3 (N.D. Ill. Sept. 2, 2021) (elements of a fraudulent concealment claim are "(1) the concealment of a material fact; (2) that the concealment was intended to induce a false belief, under circumstances creating a duty to speak; (3) that the innocent party could not have discovered the truth through a reasonable inquiry or inspection, or was prevented from making a reasonable inquiry or inspection, and relied upon the silence as a representation that the fact did not exist; (4) that the concealed information was such that the injured party would have acted differently had he been aware of it; and (5) that reliance by the person from whom the fact was concealed led to his injury.").

4. Most critically, there is no duty to disclose between a higher education institution and a donor as a matter of law. *Pearson v. Garrett-Evangelical Theological Seminary, Inc.*, 790 F. Supp. 2d 759, 767-69 (N.D. Ill. 2011). Moreover, the allegedly omitted information—that there was a "dispute" which, according to NDR, "endangered" Dr. Siddique's employment—does not

2

constitute an actionable statement of fact. *See* FAC ¶¶ 73, 75. Any allegedly omitted information must be regarding a preexisting or present fact to be actionable; it cannot be speculation regarding future events. *Pearson,* 790 F. Supp. 2d at 768. At the time the Gift Agreements were entered into in 2021, there was no basis to assume the litigation would result in Dr. Siddique's departure from the University. Therefore, the existence of the lawsuit was not "material" and, moreover, Northwestern's failure to disclose it was not intended to induce any "false belief" in NDR. Finally, the existence of the lawsuit could have been discovered by NDR through reasonable inquiry because it was filed to the public docket and was the subject of readily available media reports. *See Nartey v. Franciscan Health Hosp.*, 2 F.4th 1020, 1026 (7th Cir. 2021). NDR fails to plead the remaining elements of a fraudulent concealment claim as well. For these reasons, the fraudulent concealment claim in Count I should be dismissed.

5. With respect to the breach of contract claim (Count II), NDR again fails to plead the requisite elements. *See Ronald McDonald House Charities of Chicagoland v. Winning Charities Ill., LLC*, No. 13 CV 1430, 2013 WL 5907668, at *4 (N.D. Ill. Nov. 4, 2013) (elements of breach of contract claim are "(1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) the resultant damages"). NDR alleges that Northwestern failed to provide annual reports required by the Gift Agreements. Even if the provision of annual reports were a material contract term (which Northwestern disputes), and even if Northwestern had breached that contract term, Count II fails because NDR does not plead damages. The Gift Agreements clearly state that, even if "changed circumstances" exist, "Northwestern will retain any already-received gifts." FAC at Exs. A & B. As such, NDR has failed to allege a viable breach of contract claim, and Count II should be dismissed.

3

6. Finally, NDR's claim for equitable accounting fails as well. NDR has an adequate remedy at law, and even if it did not, it has failed to plead any of the circumstances in which equitable accounting is appropriate. *See MSP Recovery Claims, Series 44, LLC v. Zurich Am. Ins. Co.*, No. 22-cv-5054, 2023 WL 5227396, at *18 (N.D. Ill. Aug. 15, 2023) ("To state a cause of action for an equitable accounting, a complaint must allege the absence of an adequate remedy at law and one of the following: (1) a breach of a fiduciary relationship between the parties; (2) a need for discovery; (3) fraud; or (4) the existence of mutual accounts which are of a complex nature."). NDR's conclusory assertion of a need for "accounting of a complex nature," FAC ¶ 90, is insufficient to survive a motion to dismiss, and it has failed to plead a fiduciary duty or fraud. *See Oil Express Nat'l, Inc. v. Latos*, 966 F. Supp. 650, 652 (N.D. Ill. 1997); *MacLeod v. Commonwealth Edison*, 2024 IL App (2d) 230237, ¶¶ 43-44, *appeal denied*, 244 N.E.3d 221 (Ill. 2024). As such, Count III should also be dismissed.

7. NDR filed this FAC after Northwestern moved to dismiss NDR's original complaint. Dismissal of the FAC should be with prejudice. *See Smith v. Lutheran Life Ministries*, No. 21 C 2066, 2023 WL 2266144, at *7 n.4 (N.D. Ill. Feb. 28, 2023) ("Dismissal with prejudice is proper where, as here, the plaintiff has already had the opportunity to amend the complaint following an earlier motion to dismiss.").

WHEREFORE, Defendant Northwestern University respectfully requests that this Court enter an order dismissing Plaintiff's First Amended Complaint with prejudice pursuant to Rule 12(b)(6) and granting such other relief as the Court deems just and proper.

| | |
|---|---|
| Dated: May 23, 2025 | Respectfully submitted,<br><br>*/s/* Scott L. Warner<br><br>Scott L. Warner<br>Mary E. Deweese<br>Husch Blackwell LLP<br>120 South Riverside Plaza, Suite 2200<br>Chicago, Illinois 60606<br>P: (312) 655-1500<br>F: (312) 655-1501<br>scott.warner@huschblackwell.com<br>mary.deweese@huschblackwell.com<br><br>*Attorneys for Defendant*<br>*Northwestern University* |

## CERTIFICATE OF SERVICE

  The undersigned attorney hereby certifies that he caused the foregoing document to be filed with the Clerk of the Court using the CM/ECF system, which will send electronic notification to all registered counsel of record this 23rd day of May.

                /s/ Scott L. Warner
                *Attorney for Defendant*
                *Northwestern University*